1    MELINDA HAAG (CSBN 132612)
     United States Attorney
2    ALEX G. TSE (CSBN 152348)
     Chief, Civil Division
3    JENNIFER S WANG (CSBN 233155)
     Assistant United States Attorney
4    NEILL T. TSENG (CSBN 220348)
     Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6967
7       FAX: (415) 436-6748
        jennifer.s.wang@usdoj.gov
8       neill.tseng@usdoj.gov
9    Attorneys for the United States of America
10
11              UNITED STATES DISTRICT COURT
12            NORTHERN DISTRICT OF CALIFORNIA
13               SAN FRANCISCO DIVISION
14
     LEON B. HOPPE, JR.,                  )    No. C11-0540 RS
15                                        )
            Plaintiff,                    )    **STIPULATION FOR COMPROMISE**
16                                        )    **SETTLEMENT AND RELEASE;**
        v.                                )    [PROPOSED] **ORDER**
17                                        )
     UNITED STATES OF AMERICA, UNITED     )
18   STATES POST OFFICE, UNITED STATES    )
     POSTAL SERVICE, and                  )
19   DOES 1 to 100,                       )
                                          )
20          Defendants.                   )
                                          )
21   ──────────────────────────────────  )

22          It is hereby stipulated by and between the undersigned Plaintiff and the UNITED

23   STATES OF AMERICA, by and through their respective attorneys, as follows:

24          WHEREAS, Plaintiff filed the above-captioned action on February 4, 2011;

25          WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy

26   and to settle and compromise fully any and all claims and issues that have been raised, or could

27   have been raised in this action, which have transpired prior to the execution of this Settlement

28   Agreement ( "Agreement");

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
C11-0540 RS

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, the Parties agree as follows:

1. **Agreement to Compromise Claims**.  The Parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."**  As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as the United States Postal Service, and/or its current and former agents, servants, employees, and attorneys.

3. **Definition of "Parties."**  As used in this Agreement, the Parties are defined to be only the United States of America and Leon B. Hoppe, Jr.

4. **Settlement Amount**.  The United States of America agrees to pay the sum of three hundred ninety seven thousand five hundred dollars and zero cents ($397,500.00) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

5. **Release**.  Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any

1   kind or type whatsoever, whether known or unknown, and whether for compensatory or

2   exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns

3   further agrees to reimburse, indemnify and hold harmless the United States of America from and

4   against any and all such causes of action, claims, liens, rights, or subrogated or contribution

5   interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or

6   his guardians, heirs, executors, administrators or assigns against any third party or against the

7   United States, including claims for wrongful death.

8         6. **Dismissal of Action**. In consideration of the payment of the Settlement Amount and

9   the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement

10  also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The

11  Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that

12  could have been asserted in this action. The fully executed Stipulation of Dismissal will be held

13  by Defendant's attorney and will be filed no earlier than fifteen (15) business days after receipt

14  by Plaintiff's attorney of the check for the Settlement Amount, unless on the fifteenth day after

15  receipt of the check by Plaintiff's attorney, the check has not yet cleared and Plaintiff's attorney

16  notifies Defendant's attorney that the check has not yet cleared. Plaintiff's attorney agrees to

17  deposit the check for the Settlement Amount within five (5) business days of his receipt of the

18  check.

19        7. **No Admission of Liability**. This stipulation for compromise settlement is not

20  intended to be, and should not be construed as, an admission of liability or fault on the part of the

21  United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is

22  entered into by all parties for the purpose of compromising disputed claims and avoiding the

23  expenses and risks of further litigation.

24        8. **Parties Bear Their Own Costs**. It is also agreed, by and among the Parties, that the

25  respective Parties will each bear their own costs, fees, and expenses and that any attorney's fees

26  owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

27

28

9. **Attorney's Fees**.  It is also understood by and among the Parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

10. **Authority**.  The persons signing this Agreement warrant and represent that they possess full authority to bind the persons or entities on whose behalf they are signing to the terms of the settlement.

11. **Waiver of California Civil Code § 1542**.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprized of the statutory language of Civil Code Section 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he/she may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

12. **Payment by Check**.  Payment of the Settlement Amount will be made by check drawn on the United States Postal Service for three hundred ninety seven thousand and five hundred dollars and zero cents ($397,500.00) and made payable to, Leon B. Hoppe, Jr. and Kneisler, Schondel & Hubbs.  The check will be mailed to Plaintiff's attorneys, Kneisler, Schondel & Hubbs, at the following address:  P.O. Box 5767, Santa Rosa, CA  95402.  Plaintiff's attorney agrees to distribute the net settlement proceeds to the Plaintiff.  Plaintiff and his attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

13. **Tax Liability.**  If any income tax liability is imposed upon Plaintiff based on payment of the Settlement Amount, Plaintiff shall be solely responsible for paying any such

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
C11-0540 RS                                        4

1   determined liability from any government agency. Nothing in this Agreement constitutes an
2   agreement by the United States of America concerning the characterization of the Settlement
3   Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

4       14. **Waiver of Workers Compensation Claims Against United States of America**.
5   Endurance Reinsurance Corporation of America, also known as First Comp. Insurance Agency,
6   Inc., (hereinafter, "First Comp"), and its administrators, successors, or assigns agree to release
7   and waive any and all claims, liens, rights, and causes of action incident to or arising from, and
8   by reason of any and all known and unknown, foreseen and unforeseen personal injuries, or
9   damage to property and the consequences thereof, which they may have or hereafter acquire
10  against the United States of America on account of the same subject matter that gave rise to the
11  above-captioned action, including any future claim or lawsuit of any kind or type whatsoever,
12  whether known or unknown, and whether for compensatory or exemplary damages. This release
13  and waiver includes all claims, rights, liens, and causes of action, which now exist or may
14  hereafter accrue, arising from workers' compensation benefits and related expenditures paid to
15  date or to be paid in the future, to or on behalf of Leon B. Hoppe, Jr., by Kelsay Trucking and/or
16  First Comp, resulting from the subject incident, the accident which occurred on or about July 30,
17  2008, and the consequences thereof.

18      15. **Not a Settlement of Plaintiff's Separate Worker's Compensation Case**.
19  Notwithstanding any of the foregoing, Plaintiff is not waiving his right to receive workers'
20  compensation benefits. This Agreement is not a settlement of Plaintiff's workers' compensation
21  claims. This Agreement is a settlement of Plaintiff's civil case only. Plaintiff and the workers'
22  compensation carrier/employer will enter into a completely separate written agreement regarding
23  the resolution of Plaintiff's workers' compensation claims as well as the compensation carrier's
24  lien and credit rights.

25      16. **Construction**. The United States of America, Leon B. Hoppe, Jr., and First Comp
26  each hereby stipulates that it has been represented by and has relied upon independent counsel in
27  the negotiations for the preparation of this Agreement, that it has had the contents of the
28  Agreement fully explained to it by such counsel, and is fully aware of and understands all of the

terms of the Agreement and the legal consequences thereof.  For purposes of construction, this Agreement shall be deemed to have been drafted by all signatories to this Agreement and shall not, therefore, be construed against any signatory for that reason in any subsequent dispute.

     17.  **Severability**.  If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

     18.  **Integration**.  This instrument shall constitute the entire Agreement between the Parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the Parties and First Comp with the advice of counsel, who have explained the legal effect of this Agreement.  The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the Parties or their authorized representatives.

DATED: 9/28/12

LEON B. HOPPE, JR.
Plaintiff

DATED: 10/1/12

ROBERT C. HUBBS
KNEISLER, SCHONDEL AND HUBBS
Attorneys for Plaintiff, Leon B. Hoppe, Jr.

DATE: _____

SHEA CONWAY
FIRST COMP INSURANCE

MELINDA HAAG
United States Attorney

DATED: 12/11/12

JENNIFER S WANG
NEILL T. TSENG
Assistant United States Attorney
Attorneys for Defendant

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [~~PROPOSED~~] ORDER
C11-0540 RS
6

1   terms of the Agreement and the legal consequences thereof. For purposes of construction, this

2   Agreement shall be deemed to have been drafted by all signatories to this Agreement and shall

3   not, therefore, be construed against any signatory for that reason in any subsequent dispute.

4        17. **Severability**. If any provision of this Agreement shall be invalid, illegal, or

5   unenforceable, the validity, legality, and enforceability of the remaining provision shall not in

6   any way be affected or impaired thereby.

7        18. **Integration**. This instrument shall constitute the entire Agreement between the

8   Parties, and it is expressly understood and agreed that the Agreement has been freely and

9   voluntarily entered into by the Parties and First Comp with the advice of counsel, who have

10   explained the legal effect of this Agreement. The Parties further acknowledge that no warranties

11   or representations have been made on any subject other than as set forth in this Agreement. This

12   Agreement may not be altered, modified or otherwise changed in any respect except by writing,

13   duly executed by all of the Parties or their authorized representatives.

14

15   DATED: _9/20/12_                                       

16                                LEON B. HOPPE, JR.
                               Plaintiff

17

18   DATED: _10/1/12_                                     

19                                ROBERT C. HUBBS
                               KNEISLER, SCHONDEL AND HUBBS

20                                Attorneys for Plaintiff, Leon B. Hoppe, Jr.

21   DATE: _12/10/12_

22                                SHEA CONWAY
                               FIRST COMP INSURANCE

23

24                                MELINDA HAAG
                               United States Attorney

25

26   DATED: _____

27                                JENNIFER S WANG
                               NEILL T. TSENG
                               Assistant United States Attorney

28                                Attorneys for Defendant

1

2      PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

Dated: _12/12/12_____

4
                                    HON. RICHARD SEEBORG
5                                   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  ALEX G. TSE (CSBN 152348)
   Chief, Civil Division
3  JENNIFER S WANG (CSBN 233155)
   Assistant United States Attorney
4  NEILL T. TSENG (CSBN 220348)
   Assistant United States Attorney
5
6    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
7    Telephone: (415) 436-6967
     FAX: (415) 436-6748
8    jennifer.s.wang@usdoj.gov
     neill.tseng@usdoj.gov
9  Attorneys for the United States of America

10                  UNITED STATES DISTRICT COURT
11                 NORTHERN DISTRICT OF CALIFORNIA
12                     SAN FRANCISCO DIVISION
13

14  LEON B. HOPPE, JR.,                )   No. C11-0540 RS
15           Plaintiff,                )
                                       )   STIPULATION OF DISMISSAL WITH
16      v.                             )   PREJUDICE
                                       )
17  UNITED STATES OF AMERICA,          )
    UNITED STATES POST OFFICE,         )
18  UNITED STATES POSTAL SERVICE, and  )
    DOES 1 to 100,                     )
19                                     )
         Defendants.                   )
20  _____)

21

22  THE PARTIES IN THE ABOVE-CAPTIONED ACTION HEREBY SUBMIT THE
23  FOLLOWING STIPULATION:
24     Pursuant to Federal Rule of Civil Procedure 41(a), plaintiff Leon B. Hoppe, Jr. and defendant
25  United States of America hereby stipulate to dismiss with prejudice the above-captioned action,
26  including all claims that were asserted therein.  Each party will bear its own costs and attorneys'
27  fees.
28  DATED:                    By: _____
                              LEON B. HOPPE, JR.
                              Plaintiff

1

2    DATED:_____

KNEISLER, SCHONDEL AND HUBBS

By:_____

3    ROBERT HUBBS
     Attorneys for Plaintiff

4

5    MELINDA HAAG
     United States Attorney

6

7    DATED:_____

By:_____

8    JENNIFER S WANG
     NEILL T. TSENG
     Assistant United States Attorneys

9

10

11                                    **[PROPOSED] ORDER**

12        The Stipulation of Dismissal with Prejudice is granted and this entire action is dismissed

13   with prejudice.

14

15   IT IS SO ORDERED.

16

17

18   DATED: _____

19                              HON. RICHARD SEEBORG
                                UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

STIP OF DISMISSAL WITH PREJUDICE; PROPOSED ORDER
C11-0540 RS                                    2