MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    FAX: (415) 436-6748
    jennifer.s.wang@usdoj.gov
    neill.tseng@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEON B. HOPPE, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, UNITED STATES POST OFFICE, UNITED STATES POSTAL SERVICE, and DOES 1 to 100, <br><br> Defendants. | No. C11-0540 RS <br><br> **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;** [PROPOSED] **ORDER** |

    It is hereby stipulated by and between the undersigned Plaintiff and the UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

    WHEREAS, Plaintiff filed the above-captioned action on February 4, 2011;

    WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Settlement Agreement ("Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, the Parties agree as follows:

1. **Agreement to Compromise Claims**. The Parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as the United States Postal Service, and/or its current and former agents, servants, employees, and attorneys.

3. **Definition of "Parties."** As used in this Agreement, the Parties are defined to be only the United States of America and Leon B. Hoppe, Jr.

4. **Settlement Amount**. The United States of America agrees to pay the sum of three hundred ninety seven thousand five hundred dollars and zero cents ($397,500.00) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

5. **Release**. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any

kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

6. **Dismissal of Action**. In consideration of the payment of the Settlement Amount and the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed no earlier than fifteen (15) business days after receipt by Plaintiff's attorney of the check for the Settlement Amount, unless on the fifteenth day after receipt of the check by Plaintiff's attorney, the check has not yet cleared and Plaintiff's attorney notifies Defendant's attorney that the check has not yet cleared. Plaintiff's attorney agrees to deposit the check for the Settlement Amount within five (5) business days of his receipt of the check.

7. **No Admission of Liability**. This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

8. **Parties Bear Their Own Costs**. It is also agreed, by and among the Parties, that the respective Parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the Settlement Amount and not in addition thereto.

9. **Attorney's Fees**. It is also understood by and among the Parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

10. **Authority**. The persons signing this Agreement warrant and represent that they possess full authority to bind the persons or entities on whose behalf they are signing to the terms of the settlement.

11. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprized of the statutory language of Civil Code Section 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he/she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

12. **Payment by Check**. Payment of the Settlement Amount will be made by check drawn on the United States Postal Service for three hundred ninety seven thousand and five hundred dollars and zero cents ($397,500.00) and made payable to, Leon B. Hoppe, Jr. and Kneisler, Schondel & Hubbs. The check will be mailed to Plaintiff's attorneys, Kneisler, Schondel & Hubbs, at the following address: P.O. Box 5767, Santa Rosa, CA 95402. Plaintiff's attorney agrees to distribute the net settlement proceeds to the Plaintiff. Plaintiff and his attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

13. **Tax Liability.** If any income tax liability is imposed upon Plaintiff based on payment of the Settlement Amount, Plaintiff shall be solely responsible for paying any such

determined liability from any government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

14. **Waiver of Workers Compensation Claims Against United States of America.** Endurance Reinsurance Corporation of America, also known as First Comp. Insurance Agency, Inc., (hereinafter, "First Comp"), and its administrators, successors, or assigns agree to release and waive any and all claims, liens, rights, and causes of action incident to or arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, or damage to property and the consequences thereof, which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. This release and waiver includes all claims, rights, liens, and causes of action, which now exist or may hereafter accrue, arising from workers' compensation benefits and related expenditures paid to date or to be paid in the future, to or on behalf of Leon B. Hoppe, Jr., by Kelsay Trucking and/or First Comp, resulting from the subject incident, the accident which occurred on or about July 30, 2008, and the consequences thereof.

15. **Not a Settlement of Plaintiff's Separate Worker's Compensation Case.** Notwithstanding any of the foregoing, Plaintiff is not waiving his right to receive workers' compensation benefits. This Agreement is not a settlement of Plaintiff's workers' compensation claims. This Agreement is a settlement of Plaintiff's civil case only. Plaintiff and the workers' compensation carrier/employer will enter into a completely separate written agreement regarding the resolution of Plaintiff's workers' compensation claims as well as the compensation carrier's lien and credit rights.

16. **Construction**. The United States of America, Leon B. Hoppe, Jr., and First Comp each hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the

terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all signatories to this Agreement and shall not, therefore, be construed against any signatory for that reason in any subsequent dispute.

17. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

18. **Integration**. This instrument shall constitute the entire Agreement between the Parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the Parties and First Comp with the advice of counsel, who have explained the legal effect of this Agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the Parties or their authorized representatives.

DATED: 9/28/12

LEON B. HOPPE, JR.
Plaintiff

DATED: 10/1/12

ROBERT C. HUBBS
KNEISLER, SCHONDEL AND HUBBS
Attorneys for Plaintiff, Leon B. Hoppe, Jr.

DATE: _____

SHEA CONWAY
FIRST COMP INSURANCE

MELINDA HAAG
United States Attorney

DATED: 12/11/12

JENNIFER S WANG
NEILL T. TSENG
Assistant United States Attorney
Attorneys for Defendant

terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all signatories to this Agreement and shall not, therefore, be construed against any signatory for that reason in any subsequent dispute.

17. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

18. **Integration**. This instrument shall constitute the entire Agreement between the Parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the Parties and First Comp with the advice of counsel, who have explained the legal effect of this Agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the Parties or their authorized representatives.

DATED: 9/28/12

LEON B. HOPPE, JR.
Plaintiff

DATED: 10/1/12

ROBERT C. HUBBS
KNEISLER, SCHONDEL AND HUBBS
Attorneys for Plaintiff, Leon B. Hoppe, Jr.

DATE: 12/10/12

SHEA CONWAY
FIRST COMP INSURANCE


MELINDA HAAG
United States Attorney


DATED: _____

JENNIFER S WANG
NEILL T. TSENG
Assistant United States Attorney
Attorneys for Defendant

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE [PROPOSED] ORDER
C11-0540 RS                                     6

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 12/12/12

*[signature]*

HON. RICHARD SEEBORG
United States District Judge

Exhibit A

MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6967
FAX: (415) 436-6748
jennifer.s.wang@usdoj.gov
neill.tseng@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| LEON B. HOPPE, JR., | ) No. C11-0540 RS |
|---|---|
| Plaintiff, | ) **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| v. | ) |
| UNITED STATES OF AMERICA, UNITED STATES POST OFFICE, UNITED STATES POSTAL SERVICE, and DOES 1 to 100, | ) |
| Defendants. | ) |

THE PARTIES IN THE ABOVE-CAPTIONED ACTION HEREBY SUBMIT THE FOLLOWING STIPULATION:

Pursuant to Federal Rule of Civil Procedure 41(a), plaintiff Leon B. Hoppe, Jr. and defendant United States of America hereby stipulate to dismiss with prejudice the above-captioned action, including all claims that were asserted therein. Each party will bear its own costs and attorneys' fees.

DATED:                  By:_____
                                                 LEON B. HOPPE, JR.
                                                 Plaintiff

```
 1
 2  DATED:_____           KNEISLER, SCHONDEL AND HUBBS
 3                                  By:_____
                                    ROBERT HUBBS
 4                                  Attorneys for Plaintiff

 5                                  MELINDA HAAG
                                    United States Attorney
 6
 7  DATED:                          By:_____
                                    JENNIFER S WANG
 8                                  NEILL T. TSENG
                                    Assistant United States Attorneys
 9
```

## [PROPOSED] ORDER

The Stipulation of Dismissal with Prejudice is granted and this entire action is dismissed with prejudice.

IT IS SO ORDERED.

DATED: _____

HON. RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE